IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAYLA ELLIS**, <br><br> Plaintiff, <br><br> v. <br><br> **VIAL FOTHERINGHAM LLP**, an Oregon Limited Liability Partnership, <br><br> Defendant. | Case No. 3:22-cv-256-YY <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on April 12, 2022. Judge You recommended that this Court grant Defendant's motion to dismiss and dismiss this case with prejudice because it is barred by the statute of limitations and the doctrine of claim preclusion.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. Plaintiff argues that claim preclusion does not apply because she is entitled to a "do over" or a "mulligan" on her claims. Plaintiff also states that the two-year statute of limitations for Family Medical Leave Act claims does not apply to her claims because she is bringing claims relating to employee benefits, citing 29 U.S.C. § 2617(c)(1), which states that the statute of limitations is two years except as set forth in subsection (2). Subsection (2), however, establishes a limitations period of three years for willful violations. Even if that subsection applied, Plaintiff did not file this case until seven years after her termination, and so it would be past the three-year statute of limitations established in 29 U.S.C. § 2617(c)(2) even if it were to apply.

The Court has reviewed *de novo* those portions of Judge You's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and

PAGE 2 – ORDER

Defendant's response. The Court agrees with Judge You's reasoning regarding the applicability of the statute of limitations and claim preclusion and adopts the Findings and Recommendation.

The Court ADOPTS Judge You's Findings and Recommendation, ECF 13. The Court GRANTS Defendant's Motion to Dismiss, ECF 5. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 25th day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge